UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JEFFREY G. CORLE, | ) | |
| | ) | |
| Individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-226 |
| | ) | |
| ESTATE PLANNING AND | ) | |
| PRESERVATION, INC., | ) | |
| DAWN-MARIE JOSEPH, | ) | |
| JOSEPH & ASSOCIATES, P.C., | ) | |
| PAUL T. JOSEPH, AMANDA L. KLAISS, | ) | |
| JEFFREY D. STEFFENS and | ) | |
| ROBERT W. PICEC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On July 11, 2011, the Plaintiff filed this putative class action, broadly claiming that "[t]his Court has jurisdiction . . . pursuant to the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332." (Compl. ¶ 1(c).) The Complaint alleges that the Plaintiff is a citizen of Indiana and, "upon information and belief, all the Defendants are citizens of Michigan." (Compl. ¶ 1(b).) The Plaintiff's Complaint, however, is woefully inadequate to establish this Court's jurisdiction.

To begin, the Plaintiff must clarify the specific jurisdictional basis for his supposed class action. A class action may be maintained under 28 U.S.C. § 1332(a), as long as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See Gradeless v. Am. Mut. Share Ins. Corp.*, No. 1:10-cv-86, 2010 WL 1935867, at *1 (S.D. Ind. May 7, 2010) (citing *Bergquist v. Mann Brackn, LLP*, 592 F.3d 816, 818 (7th Cir. 2010)). Alternatively, a class action may be brought under CAFA, codified at 28 U.S.C. § 1332(d). CAFA provides, in

part, that federal courts have jurisdiction over class actions in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). *See Lake County Convention & Visitors Bureau, Inc. v. Hotels.com, LP*, No. 2:06-cv-207, 2006 WL 1793583, at *1-2 (N.D. Ind. June 27, 2006).

Because the Plaintiff claims that the class will contain citizens of Indiana, Michigan, and Ohio (thus destroying complete diversity), CAFA appears to be the only jurisdictional basis upon which this lawsuit can be maintained. However, the Plaintiff has not made *any* jurisdictional allegation about damages, and CAFA requires the aggregate amount in controversy to exceed $5,000,000. 28 U.S.C. § 1332(d)(2)(A).[1] Accordingly, the Plaintiff must first amend his Complaint to set forth the specific jurisdictional basis for his lawsuit and properly allege the amount in controversy.

Once the Plaintiff has clarified the statutory basis for this Court's jurisdiction, he must then address the citizenship of the parties. Regardless of whether the Plaintiff is relying on 28 U.S.C. § 1332(a) or § 1332(d) for jurisdiction, his Complaint fails to establish the citizenship of any of the Defendants. To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l,*

---

[1] The Court also notes that "[i]n the class action context, the amount in controversy is measured in terms of each plaintiff's separate claim, not the aggregate amount that may be at risk for the defendant." *Ivory v. Merck & Co., Inc*., 341 F. Supp. 2d 1054, 1056 (N.D. Ill. 2004) (citing *Snyder v. Harris*, 394 U.S. 332, 338 (1969); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973)).

*Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). The Plaintiff, however, has improperly made his jurisdictional allegations on information and belief.

Furthermore, a summary allegation that "all Defendants are citizens of the State of Michigan" is hardly adequate to establish jurisdiction (especially when made on information and belief). Instead, the Plaintiff must specifically allege the citizenship of each Defendant.[2] Although the Plaintiff alleges that Defendant Estate Planning and Preservation is incorporated in Michigan, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Similarly, professional corporations are to be treated like any other corporation for purposes of determining diversity of citizenship. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737 (7th Cir. 2004).

For natural persons, the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir.

---

[2] Of course, if the Plaintiff is ultimately relying on 28 U.S.C. § 1332(a) for jurisdiction, he must establish *complete* diversity of citizenship, whereas under 28 U.S.C. § 1332(d), he must only show that any member of the class of plaintiffs is a citizen of a state different from any defendant.

1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

To summarize, the Plaintiff is ORDERED to file an Amended Complaint on or before July 27, 2011, specifically providing the jurisdictional basis for his putative class action and establishing the requisite amount in controversy. Furthermore, the Plaintiff must properly allege—on personal knowledge—the citizenship of the Defendants as necessary to establish this Court's diversity jurisdiction. Failure to file an amended complaint on or before July 27, 2011, may result in dismissal of this case under Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED.

Enter for July 14, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge